# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# IOWA CENTRAL DIVISION

| | |
|---|---|
| KLISA K. LANGE,<br><br>PLAINTIFF,<br><br>vs.<br><br>ACCREDITED COLLECTION SERVICES, INC.,<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Klisa K. Lange ("Plaintiff" or "Lange") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Accredited Collection Services, Inc. (hereinafter "Defendant" or "Accredited"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Klisa Lange, is a natural person residing in Creston, Iowa.

4. Defendant, Accredited Collection Services, Inc., is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to an unknown creditor, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

### IV.   FACTUAL ALLEGATIONS

10. Sometime in October, 2010, the Plaintiff received collection correspondence from the Defendant. The correspondence was printed on a small slip of blue paper. The correspondence did not indicate a date although the Plaintiff kept the envelope with the postage date of October 14, 2010. The Defendant failed also to identify the original creditor but listed the creditor as "various accounts." Said correspondence further stated an amount due in the amount of $260.48 and provided an address for Accredited Collection Services, Inc.

11. The Plaintiff contacted the Defendant by telephone immediately upon receiving the first correspondence. The Plaintiff spoke with a representative of the Defendant and requested information as to whom the debt was owed. The representative refused to disclose the original creditor and stated the creditor was "various accounts." The Plaintiff noticed the Defendant's location as Omaha, Nebraska and stated the only time she went to or was in Omaha was for medical purposes and requested verification that the debt was in fact medical debt. The representative refused to verify whom the debt was owed but did state the services were rendered in Omaha.

12. On the same day the Plaintiff contacted the Defendant, the Plaintiff contacted her health insurance provider, Blue Cross & Blue Shield and requested any information for which Blue

Cross may have with regard to the "various accounts" the Defendant was attempting to collect. Blue Cross informed the Plaintiff that there is no way that they could have that knowledge. Blue Cross further informed the Plaintiff that she should request an itemized statement from the Defendant collection agency to verify where services were rendered, where and what accounts the collection was for. Blue Cross also informed the Plaintiff that the information would be needed to check to see what bills would be covered by Blue Cross. Blue Cross informed her that with that information they would be able to verify with her what was covered by her insurance.

13. The Defendant at no time forwarded correspondence to the Plaintiff with the required disclosure allowing 30 days to dispute the debt and request verification of debt.

14. The Plaintiff waited approximately one month but did not receive any processing documents Blue Cross that medical services rendered in Omaha had been covered. On or about November 30, 2010, the Plaintiff contacted the Defendant and spoke with a male representative. She stated that she had been in touch with her health insurance company and they had informed her she had a right to request information as to the original creditor as well as request an itemized statement of the account numbers and coinciding bills. The Plaintiff also asked the male representative if Blue Cross had already processed the bills. The representative refused to provide any information and stated the amount was for various accounts. The representative refused to provide an itemized statement and requested the Plaintiff make a payment. The Plaintiff refused to make a payment without further information.

15. Sometime in December, 2010, the Plaintiff received collection correspondence from the Defendant. The correspondence was printed on a small slip of tan paper. The correspondence did not indicate a date although the Plaintiff kept the envelope with the postage date of December 17, 2010. The Defendant failed also to identify the original creditor but listed the creditor as "various accounts." Said correspondence further stated an amount due in the amount of $260.48 and provided an address for Accredited Collection Services, Inc.

16. On or about December 28, 2010, the Plaintiff contacted the Defendant and spoke with a male representative. The Plaintiff explained that she had received another collection letter that failed to identify the original creditor. The Plaintiff again expressed that she would like an itemized statement of accounts and amounts due in order to verify what her health insurance may have covered. Blue Cross had informed the Plaintiff that if the debt was in fact medical, the debt collector should check the remit status. The Plaintiff attempted to explain this to the

representative. The representative asked the Plaintiff if she could read. He stated that the debt was for "various accounts." The Plaintiff was then placed on the phone with a female representative. The female requested the Plaintiff's credit card information to make a payment. The Plaintiff refused to make a payment without further information. The representative stated the Plaintiff owed the debt; it needed to be paid and hung up the phone.

17. Sometime in January, 2011, the Plaintiff received a third collection letter from the Defendant. The correspondence was printed on a small slip of grey paper. The correspondence did not indicate a date although the Plaintiff kept the envelope with the postage date of January 07, 2011. The Defendant failed also to identify the original creditor but listed the creditor as "various accounts." Said correspondence further stated an amount due in the amount of $260.48 and provided an address for Accredited Collection Services, Inc.

18. After receiving the above-referenced collection correspondence, the Plaintiff contacted the Defendant and spoke with a male representative. The Plaintiff explained her previous dealing with the Defendant and explained that if the debt was in fact medical, Blue Cross could require the collection agency to verify what accounts have been covered. The Plaintiff again requested an itemized statement of accounts and amounts owed. The representative laughed at the Plaintiff and made the following false misrepresentations including but not limited to the following: that the Defendant was not required to identify the original creditor, that the Defendant was only required to follow Nebraska law and did not have to provide an itemized statement, that the Defendant could place a lien on the Plaintiff's home and garnish wages without disclosing a civil judgment would be required first, that taking the matter to court would be public and embarrassing in the community and finally that the representative was an attorney. Finally the Plaintiff informed the Defendant that she would see the Defendant in court and hung up the phone.

19. The Plaintiff suffers from Multiple Sclerosis. Unfortunately she finds herself in and out of hospitals and medical facilities on a regular basis. It is imperative that she keep meticulous records of her medical bills and check with her health insurance company on which bills are covered and for what amount.

20. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment,

humiliation, frustration, confusion, anger, stress, nervousness, headaches, loss of sleep, anxiety, and feelings of hopelessness.

## V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Accredited Collection Services, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692d(2) by engaging in behavior and through the use of language the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

   c. The Defendant violated 15 U.S.C. § 1692e(4) through a representation or implication that nonpayment of any debt will result in the garnishment of wages of the Plaintiff where the Defendant does not intend to garnish and where the Defendant cannot legally garnish.

   d. The Defendant violated 15 U.SC. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

   e. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   f. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

   g. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff within five days of the initial verbal communication, the amount of the debt, the name of the creditor, and notice that within 30 days of the notice, the Plaintiff had 30 days to dispute the debt in which time the Defendant would be required to provide verification of the debt.

23. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.  SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

26. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25.

27. Accredited Collection Services, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692d(2); 1692e(2)(a); 1692(e)(4); 1692e(5); 1692e(10); 1692f; and 1692g(a).

   b. The Defendant violated Iowa Code § 537.7103(1)(e) through the collection or attempt to collect a debt by means of an illegal threat, coercion or attempt to coerce in the form of a false threat that nonpayment of a debt may result in the seizure, garnishment, attachment or sale of property or wages of that person.

   c. The Defendant violated Iowa Code § 537.7103(2) through the use of oppressive, harassing, and abusive behavior toward the Plaintiff in connection with the collection or attempted collection of a debt.

   d. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

28. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

30. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII. JURY DEMAND

The Plaintiff prays a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF